Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd Ste 150
Lake Oswego, OR 97035
888 595 9111 ext. 216
866 927 5826 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CARLOS SANTIBANEZ**, <br><br> Plaintiff, <br><br> vs. <br><br> **NATIONAL CREDIT SYSTEMS, INC.**, <br><br> Defendant. | Case No.: 6:16-cv-00081-AA <br><br> **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## I.   INTRODUCTION

The sole act that Plaintiff alleges violated the FDCPA in this matter was the sending of a letter by Defendant, National Credit Systems, Inc. Plaintiff contends that the letter, dated February 5, 2015, violates the FDCPA by failing to effectively and unambiguously disclose two pieces of information required to be contained in such a letter, to wit: (1) the identity of the current creditor; and (2) the amount of the debt.

## II.   STATEMENT OF FACTS

(1)   Defendant attempted to collect from Plaintiff a "debt" as defined by 15 USC 1692a(5). Declaration of Joshua Trigsted, § 2, Exhibit "A", Bates # 003, validation of debt

document sent by Defendant to Plaintiff, showing that the debt was for rent and cleaning charges under a residential lease contract.

(2)  Defendant is a "debt collector" – Defendant admits it is a debt collector with respect to other debts, so it must regularly collect consumer debts by definition, and is a debt collector here for this "debt."  Id. at § 3, Exhibit "B", Defendant's Response to Requests for Admission, p. 2, Response to Requests for Admission

(3)  Plaintiff is a "consumer" under 15 USC 1692a(3).  Id. at § 4, Exhibit "C", Initial letter to Plaintiff, dated February 5, 2015.

(4)  Defendant's February 5, 2015 letter does not comply with 15 USC 1692g(a).  Id.

## III. THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.

The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties.  *See* 15 U.S.C. §1692 et seq.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. §1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices.

In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).  Congress additionally

found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b). It is the express purpose of the FDCPA to "eliminate abusive debt collection practices by debt collectors, to ensure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Accordingly, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Simply, designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt. *Baker v. G.C. Services Corp.*, 677 F. 2d 775 (9th Cir. 1982); *Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

**IV.   THE FDCPA IMPOSES A STRICT LIABILITY STANDARD.**

The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232 (5th Cir. 1997); *see also Irwin v. Mascott,* 112 F. Supp. 2d 937 (N.D. Cal. 2000); *Pittman v. J.J. Mac Intyre Co. of Nevada, Inc.,* 969 F. Supp. 609 (D. Nev.1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be

entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also Gearing v. Check Brokerage Corp.,* 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); *Turner v. J.V.D.B. & Associates, Inc.,* 330 F. 3d 991, 995 (7th Cir. 2003) (holding unintentional misrepresentation that debtor was obligated to pay a debt discharged in bankruptcy violated the FDCPA); *Foti v. NCO Financial Systems, Inc*., 424 F. Supp. 2d 643 (S.D. N.Y. 2006); *Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993).

## V. THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER-DEBTORS.

The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd*., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc*., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002); *see e.g. Plummer v. Gordon,* 193 F.Supp.2d 460, 463 (D.Conn.2002); *Ross v. Commercial Fin. Servs.,* 31 F.Supp.2d 1077, 1079 (N.D. Ill. 1999); *Harrison v. NBD, Inc.,* 968 F. Supp. 837 (E.D. N.Y.1997).

## VI. THE FDCPA IS TO BE INTERPRETED IN ACCORDANCE WITH THE LEAST SOPHISTICATED CONSUMER STANDARD.

The FDCPA is to be interpreted in accordance with the "least sophisticated" or "unsophisticated" consumer standard. *See Jeter v. Credit Bureau, Inc*., 760 F.2d 1168 (11th Cir. 1985) (adopting the "least sophisticated" consumer standard); *Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991) (noting that statutory notice under FDCPA is to be interpreted from perspective of "least sophisticated debtor" standard); *Swanson v. Southern Oregon Credit Service, Inc*., 869 F.2d 1222 (9th Cir. 1988) (holding that provisions of the FDCPA are to be judged under the "least

sophisticated debtor" standard); *Gammon v. GC Services Ltd. Partnership*, 27 F. 3d 1254 (7th Cir. 1994) (using the "unsophisticated consumer," rather than the "least sophisticated consumer," in order to protect consumers who are uninformed, naive or trusting, while admitting objective element of reasonableness). The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive debt collection practices, and protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices. *Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993).

**VII.  DEFENDANT DID NOT EFFECTIVELY DISCLOSE THE IDENTITY OF THE CURRENT CREDITOR**

15 USC 1692g(a)(2) requires that debt collectors disclose "the name of the creditor to whom the debt is owed" in the initial communication with the debtor or within 5 days thereof. 15 USC 1692a(2). A recent 7th Circuit case discussed in detail the requirements of 15 USC 1692g(a)(2) and why the letter in that case violated the FDCPA. In *Janetos*, a debt collector Defendant law firm, Fulton Friedman & Gullace, sent an initial letter to the debtor Plaintiff, Janetos. *Janetos v. Fulton Friedman & Gullace, LLP,* 825 F.3d 317, 320-321 (7th Cir. 2016). Asset Acceptance, LLC ("Asset Acceptance"), was the "current creditor" at the time the letter was sent. *Id.* At the top of the letter, it stated: "Re: Asset Acceptance, LLC, Assignee of Chase Bank. *Id.* at Appendix, which includes an actual photocopy of the letter. Further down, it stated the account "has been transferred" from Asset Acceptance, LLC to Fulton Friedman and Gullace, LLP. *Id.* Defendants argued that the letter complied because the letter stated that Asset Acceptance was the "assignee" of the original creditor, and that the word "transfer" below could not reasonably be taken by a debtor to mean that the debt had then been sold to Fulton Friedman and Gullace. *Id.* at 321-25. The Court held not only that the word "transfer" was ambiguous and could imply a transfer of ownership, but that the word "assigned" by itself does not mean

unequivocally that Asset Acceptance had ever been the creditor. *Id.* The Court also established that "standing alone, the fact that the form letter included the words "Asset Acceptance, LLC" did not establish compliance with § 1692g(a)(2)." The letter had to make that identification clearly enough that the recipient would likely understand it. *Id.* at 321. The Court rejected a defense that the failure to disclose the current creditor was not "material" by finding that a "materiality" requirement does not apply to violations of 15 USC 1692g(a). *Id.* at 324.

The detailed analysis of the specific requirements 15 USC 1692(a)(2) by the 7th Circuit is wholly in keeping with the 9th Circuit's own position on the requirements of 15 USC 1692g(a) generally, which has remained unchanged in this Circuit since the 1988 *Swanson* case. *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222 (9th Cir. 1988). In that case, the Court held that "The statute is not satisfied merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor." *Id.* at 1225.

If anything, the letter at issue here (See Statement of Facts §§ 3-4, above) even more clearly failed to disclose who the "current creditor" than the letter at issue in *Janetos*. In *Janetos*, the Defendants could at least point to the language at the top of the letter stating that Asset Acceptance was the "assignee" of the original creditor. Here, there is no such language. In fact, the letter makes no statement of any kind that could be reasonably interpreted as a representation about who the current creditor is.

There are two statements in the letter that could possibly be referencing a current creditor, even though both fail to actually state that that entity is the current creditor. First, the header of the letter states "Re: Encompass Management Consultants." Unlike the statement that Asset Acceptance was the "assignee of" the original creditor in the *Janetos* letter, this statement makes no representation whatsoever about what role "Encompass Management Consultants" is playing.

Given the context of the letter, however, it seems placed there merely to indicate that Encompass Management Consultants is the original creditor, and merely has the effect of disclosing what debt the letter is about.

The only other possible clue as to who owns the right to be paid on the debt at the time of the letter is in the body of the letter, where it states "The above referenced account has been placed with this office for collection."  We contend that this language has the identical effect of the language in *Janetos* that the debt had been "transferred" to the attorney's office.  The verb "placed" in context could mean that the debt was sold to National Credit Systems, Inc. by a previous owner, or it could also mean that National Credit Systems, Inc. was hired by the current creditor to take action to collect the debt.  There are no other clues that would allow anybody, let alone a "least sophisticated consumer," to determine the identity of the current creditor.

Finally, Plaintiff notes that to the extent "Encompass Management Consultants" was the current creditor as of the date of the letter, Defendant may have failed to indicate their identity by failing to accurately sate the name of that entity.  The "validation documents" sent by Defendant to Plaintiff indicate that the name of the original creditor is actually "Encompass Management & Consulting, LLC," which is a substantially different name than the one listed on the letter.

## VIII. DEFENDANT DID NOT EFFECTIVELY DISCLOSE THE AMOUNT OF THE DEBT

15 USC 1692g(a)(1) requires that the letter disclose the amount of the debt, in addition to who owns it.  Again, this is something the letter fails to do with sufficient clarity, and in this case the lack of clarity mainly pertains to the ability of the application of future interest and fees to increase the balance.  A statement about whether interest is or is not accruing on a balance as stated by a debt collector is important.  The reason why it is so important was explained most eloquently by the New Jersey District Court in *Marucci*.  *Marucci v. Cawley & Bergmann, LLP*, 66 F.Supp.3d

559 (2014). In *Marucci,* a debt collector was sent by an attorney's office, Cawley & Bergmann, LLP, to a debtor, Marucci. The issue before the Court was a Motion to Dismiss filed by the Defendants. The Court denied the Motion with respect to the 15 USC 1692g(a)(1) violation. Quoting that opinion regarding the letter: "The Letter made no statement regarding interest; it did not disclose, for example, whether interest was accruing, the interest rate, or the portion of the total Debt that was attributable to accrued interest or other fees. (Id. ¶ 17)." *Id.* at 561. In *Marucci,* the Court denied the Motion to Dismiss because "there is no indication of whether interest has accrued or will continue to accrue" and because "the complaint supports the inference that interest is running with a plausible factual allegation." *Id.* at 567. The *Marucci* court also cited numerous other cases both for and against the position that interest must be disclosed as part of a 15 USC 1692g(a) violation, finding those that did require interest to be disclosed as more persuasive. *Id.* at 565-566.

A recent 2nd Circuit appellate case came to a similar conclusion, but, in addition, required a disclosure that the debt could also be increased due to fees, as well as interest. *Avila v. Riexinger & Associates, LLC,* 817 F.3d 72:

> Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

More close to home, in *Snyder*, a District Court in Washington held that a letter violated the FDCPA by failing to disclose whether or not interest was accruing on a balance. *Snyder v. Daniel N. Gordon, PC,* No. C11-1379 RAJ, 2012 WL 3643673 (W.D. Wash. Aug. 24, 2012). In *Snyder,* the Defendant Daniel N. Gordon, PC, sent several letters to Plaintiff, none of which included any disclosure of whether interest was accruing on the balance. The court held that:

> the "least sophisticated consumer" could have read these letters in at least two different ways. On one hand, an unsophisticated consumer could reasonably conclude that the balance was a fixed amount that would not be subject to further interest, late fees, or other charges. On the other, an unsophisticated consumer could just as reasonably determine that the balance would continue to grow over time as interest accrued. One of those meanings would necessarily be inaccurate. Therefore, the court finds that Defendants' letters were deceptive as a matter of law.[2] Courts in other districts have reached the same conclusion on similar facts. See *Michalek v. ARS Nat'l. Sys., Inc.*, No. 3:11–CV–1374, 2011 WL 6180498, at *4 (M.D.Pa. Dec.13, 2011) (holding that the term "balance" has more than one meaning); *Dragon v. I.C. Sys.,* 483 F.Supp.2d 198, 203 (D.Conn.2007) (holding that a reference to a "sum certain" was deceptive as a matter of law). The court grants Ms. Snyder's motion for summary judgment on this issue.

It is important to note that the *Snyder* Court did not find the question of whether interest was in fact accruing on the balance to be relevant to the question of whether the balance statement was confusing. Rather, the violation consisted in the fact that no indication was given either way regarding interest, such that it would be reasonable for a consumer to take either view, either that interest was accruing or it was not.

Applying the standards as set out by *Snyder* and other cases, the letter in question here is also deceptive and does not adequately state the amount of the debt. The question of whether interest or fees are actually accruing should not be relevant. The question should be whether the letter itself makes that point clear. Defendant could have satisfied this requirement by simply stating that "no interest or fees will accrue on this balance" in the letter, but it did not do so and therefore the initial letter to Plaintiff was confusing and deceptive.

## IX.    BONA FIDE ERROR

Defendant has pled the *bona fide error* defense, but such defense does not apply in a case where the violation is contained in a form letter that Defendant has purposefully designed to use to send to debtors. Such a violation can only result from a "mistake of law," which cannot form

the basis of a *bona fide* error defense.  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*, 559 US 573 (2010).

X.     **CONCLUSION**

The evidence and legal reasoning provided herein establishes that Plaintiff has standing to bring an FDCPA claim, that Defendant was subject to the FDCPA's provisions as a "debt collector" when it sent the letter, that Defendant's letter of February 5, 2015, violated 15 USC 1692g(a) in 2 discrete ways, and that Defendant is not entitled to the *bona fide* error defense with regard to either violation.  As such, Plaintiff asks this Court to enter summary judgment in Plaintiff's favor as to liability against Defendant in the sole cause of action, with damages to remain as an issue for trial.

Dated this 23rd day of September, 2016.

By_s/Joshua Trigsted___
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd Ste 150
Lake Oswego, OR 97035
888 595 9111 ext. 216
866 927 5826 facsimile
Attorney for Plaintiff