Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd Ste 150
Lake Oswego, OR 97035
888 595 9111 ext. 216
866 927 5826 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CARLOS SANTIBANEZ**, | Case No.: 6:16-cv-00081-AA |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| **NATIONAL CREDIT SYSTEMS, INC.**, | |
| Defendant. | |

**I.    RESPONSE TO DEFENDANT'S POINTS AND AUTHORITIES [DOCUMENT 10]**

    A.    BACKGROUND

        1.    Not disputed for purposes of this motion.

        2.    Not disputed for purposes of this motion.

        3.    Not disputed for purposes of this motion.

        4.    Not disputed for purposes of this motion.

        5.    Not disputed for purposes of this motion.

        6.    Not disputed for purposes of this motion.

        7.    Not disputed for purposes of this motion.

        8.    Not disputed for purposes of this motion.

       9.      Not disputed for purposes of this motion.

      10.    Not disputed for purposes of this motion.

      11.    Not disputed for purposes of this motion.

      12.    Not disputed for purposes of this motion.

      13.    Plaintiff denies that the disclosures were effectively conveyed in the initial letter of February 5, 2015.

      14.    Sufficient evidence is not available to determine whether interest is accruing on the balance as stated by Defendant.

## II.   CONFUSING REPRESENTATION ABOUT "AMOUNT OF DEBT"

Defendant cites two cases to support its position that no clarification of any kind is required about whether interest is or is not accruing, where, as here, the letter simply states "balance: $XXX" and the evidence has established that the debt collector itself had no intention to add interest or otherwise increase the balance over time. Plaintiff acknowledges that these cases are on point and the facts of the cases are sufficiently analogous to the facts at issue here. However, Plaintiff contends that these cases were decided in error, and this Court should hold that further disclosures beyond "balance: $XXX" should be required in order to comply with 15 USC 1692g(a), for three reasons.

First, even assuming that "balance: $XXX" is sufficient to satisfy 15 USC 1692g(a) where a debt is not accruing interest, this fact is not determined as a matter of law by what the debt collector understands to be the case. *Chuway,* cited by Defendant, seems to hold that whether the current creditor actually intends to add interest or not is irrelevant to such determinations, and the only thing that matters is whether the debt collector intends to add interest while it is collecting. *Chuway v. National Action Financial Services*, 362 F.3d 944, 947 (7[th] Cir. 2004) ("The credit card

company, which is to say the creditor, not the debt collector, may charge the plaintiff interest on the $367.42 between when that debt accrued and when the plaintiff finally pays and may add the interest accruing in the interim to the plaintiff's current balance. But that would not be a part of "the amount of the debt" for which the defendant was dunning her, and hence it would not precipitate a violation by the defendant."). This position makes no sense and is an invitation to mislead consumers. It is misleading to state that a debt is not accruing interest where such debt is in fact legally accruing interest. A debtor who pays a debt on which it has been informed no interest is accruing, only later to be billed again by a new debt collector for the unpaid interest that the debt collector failed to inform the debtor about, has been misled. For this reason, it is not the opinion of the collector, but the opinion of the current creditor that is relevant for determining whether interest is actually accruing or not. Here, we have evidence only of the opinion of the collector, not the current creditor. Thus, it is quite possible that, if the court resolves this issue in favor of Defendant, that Plaintiff could receive another letter in the mail from a different debt collector indicating that interest is actually accruing on the debt. If Plaintiff did receive such a letter, it would prove that Defendant's original representations as reflected in the letters at issue here were misrepresentations, because these letters indicated or at least implied that its client had no intention of seeking interest. Thus, Plaintiff asks that the court deny Defendant's motion to the extent that such a ruling would be based on the fact that no interest is actually accruing. Because no evidence has been submitted about the current creditor's intentions as to seeking interest, only that of the debt collector, it is not known whether interest is accruing or not and therefore it cannot be said that a simple statement of "Balance: XXX" is accurate or not.

  Second, as a matter of common understanding, the term "balance," with nothing more, is susceptible to multiple interpretations and does not effectively convey the nature of the debt owed.

The accruing of interest is an important aspect of a debt. Information about whether a debt is or is not accruing interest, and the amount of that interest, obviously has an effect on the ability of a consumer to make educated decisions about its actions with respect to that debt. For instance, if a debtor owes two debts of the same current "balance," one which accrues interest and the other which does not, that debtor would be better served by paying the debt that was accruing interest first, and the greater the amount of interest, the more important it is that the interest-accruing debt be paid first. Therefore, when, as here, a debtor receives a letter, it is important that it be clear in the letter whether the debt is accruing interest, and it is not sufficient that a debt collector make a disclosure about interest only when interest is actually accruing. It is potentially equally important to the consumer to know that interest is not accruing, when it comes to the ability of a consumer to make educated decisions about their debts. Furthermore, the term "balance" connotes a change over time in a way that "amount of the debt" does not. "Amount of the debt" can be interpreted reasonably as unequivocal. The word "Balance" on the other hand, a word that is associated with credit card accounts, and which connotes the idea of interest accruing on a running balance, is not unequivocal by nature and is bound up with the concept of interest.

Third, and perhaps most important, debts can be and often are sold. There is no law requiring subsequent owners of a debt to act consistently with the decisions of a previous owner. Therefore, if, as many previous cases have suggested, the possible increase in the amount of the debt in future is relevant to a debtors' ability to effectively respond to a letter, it arguably actually should not play a decisive role what the creditors' current intent is with regard to interest. Ultimately what is most relevant to a debtor, and what should be required to be disclosed, are two things: (1) what legal rights to interest does the current creditor have; AND (2) to what extent does the current creditor intend to take advantage of that right? Thus, even if it is eventually established

that the creditor here never intended to add interest, Plaintiff still could have been misled by a statement that no interest is accruing, to the extent that the creditor later sold the debt to a new owner and that owner decided to take advantage of the right to interest.  Thus, the appropriate disclosure for a debt where statutory interest is allowed but a creditor decided not to pursue it, would be something along the lines of the following: "Balance: $XXX; Creditor is entitled to 9% interest according to ORS 82.010, and future creditors may decide to seek such interest from you. Creditor, however, has decided not to pursue interest, and thus interest will not accrue while in the hands of this creditor."  Such a disclosure would give an unsophisticated debtor an accurate picture of what is happening now and the potential changes that could occur in the future.  That did not happen in this case, and thus Plaintiff alleges that there was a misrepresentation with regard to interest.

### III.    IDENTITY OF "CURRENT CREDITOR"

Defendant does not address Plaintiff's allegation that Defendant failed to effectively disclose the current creditor in its initial letter.  Therefore, Defendant cannot be granted overall summary judgment as to liability based on its motion, but only, at best, partial judgment as to liability on the single issue of whether Defendant effectively disclosed the amount of the debt.

Dated this 17th day of October, 2016.

By  s/Joshua Trigsted
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd Ste 150
Lake Oswego, OR 97035
888 595 9111 ext. 216
866 927 5826 facsimile
Attorney for Plaintiff