Jeffrey I. Hasson
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, OR 97230
Phone: (503) 255-5352
Facsimile: (503) 255-6124
hasson@dhlaw.biz
Oregon State Bar No. 872419
Attorney for Defendant

IN THE UNTED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CARLOS SANTIBANEZ,<br><br>                            Plaintiff,<br><br>vs.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br><br>                            Defendant. | Case No. 6:16-cv-0081-AA<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I.     INTRODUCTION

Defendant National Credit Systems, Inc. ("NCS") is entitled to judgment in its favor (Dkt. # 10) and Plaintiff's Motion for Partial Summary Judgment (Dkt. # 13) should be denied. Plaintiff has not, and cannot, show any genuine issue of material fact, and .NCS is entitled to judgment as a matter of law.

Plaintiff Carlos Santibanez alleges that NCS violated the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's sole allegation is that NCS, in a letter dated February 5 ,2015, failed to adequately disclose the identity of the current creditor and the amount of the debt in violation

Page. 1 – DEFENDANT'S RESPONSE TO MOTION FOR PARTIAL SUMMARY
             JUDGMENT

of *15 U.S.C. § 1692g (a)..* Dkt. # 13, p. 1.[2]  These allegations fail as a matter of law.

For the reasons outlined below, NCS asks this Court to deny Plaintiff's Motion for Partial Summary Judgement (Dkt. # 13) and allow NCS' Motion for Summary Judgment. Dkt. # 10.

## II.     RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

(1)     NCS admits Plaintiff's Statement of Facts ("PSOF") number (1). Dkt. # 13, pp. 1-2.

(2)     NCS admits PSOF number (2). Dkt. #13, p. 2.

(3)     NCS admits PSOF number (3). Dkt. #13, p. 2.

(4)     NCS denies PSOF number (4). Dkt. #13, p. 2. This is not a fact. It is a legal conclusion, and Plaintiff's legal conclusion is not supported by fact or law as is argued herein.

## III.     SUMMARY OF RELEVANT FACTS

Plaintiff accepts all the following facts:

1.     On or about February 2, 2015, Encompass Management Consultants ("EMC") referred an unpaid apartment debt due and owing from Plaintiff in the amount of $875.33 to NCS for collection (the "Debt"). (Dkt. #11, p. 2, ¶ 7). (Dkt. # 10, p. 2, no. 1, accepted by Dkt. # 13, p. 1).

2.     On February 5, 2015, NCS requested that its standard initial collection notice, which contains all of the information identified in *15 U.S.C. § 1692g (a) (1)-(5)*, be prepared and mailed to Plaintiff. (Dkt. #11, p. 2, ¶ 8). (Dkt. # 10, p. 2, no. 2, accepted by Dkt. # 13, p. 1).

---

[2] In its Answer, NCS raised the bona fide error defense because Plaintiff did not acknowledge receipt of the February 5, 2015 letter. Plaintiff's Motion before the Court concedes receipt of that letter by Plaintiff. Insofar as Plaintiff now acknowledges receipt of the letter, NCS withdraws the defense as it relates to transmission of the letter and does not address it in its Response below.

Page. 2 – DEFENDANT'S RESPONSE TO MOTION FOR PARTIAL SUMMARY
              JUDGMENT

3.Plaintiff received this letter. The balance shown on this notice was $875.33. (Dkt. # 10, p. 3, no. 6, accepted by Dkt. # 13, p. 1).

4.On or about January 18, 2016, Plaintiff filed this action against NCS alleging that NCS violated *15 U.S.C. § 1692g (a)* by failing to effectively convey the disclosures required by *15 U.S.C. § 1692g (a)* within 5 days of the initial communication with Plaintiff, including failing to indicate whether interest is accruing on the balance and if so, in what amount. [Dkt. # 1, ¶ 9]. (Dkt. # 10, p. 4, no. 12, accepted by Dkt. # 13, p. 2).

NCS states the following additional material fact:

1.Periodic interest was not added to the debt, nor did the balance vary from day to day. (Dkt. #11, p. 3, ¶ 16).

Without offering any evidence in response to the above declaration, plaintiff contends that sufficient evidence is not available to determine whether interest is accruing on the balance. (Dkt. # 10, p. 4, no. 14, responded to by Dkt. # 13, p. 2).

Therefore, there is no genuine issue of material fact that this material fact is true.

## IV.LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56.* The moving party bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S 317, 323 (1986). A genuine dispute of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). "When the moving party also bears the burden of persuasion at trial, to prevail on

Page. 3 – DEFENDANT'S RESPONSE TO MOTION FOR PARTIAL SUMMARY
JUDGMENT

summary judgment it must show that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Shakur v. Shriro*, 514 F.3d 878, 890 (9th Cir. 2008). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001).

## V.    ARGUMENT

### A. NCS EFFECTIVELY DISCLOSED THE NAME OF THE CREDITOR TO WHOM THE DEBT WAS OWED.

NCS effectively disclosed the name of the creditor to whom the debt was owed in its initial communication with Plaintiff as is required by *15 U.S.C. § 1692g (a) (2)*.

Plaintiff does not allege that the name of the creditor was withheld. Rather, Plaintiff alleges that the collection notice was unclear and was thus ineffective disclosure under 15 U.S.C. § 1692g. Dkt. # 13, p. 5. Plaintiff's allegation fails. Plaintiff admits Plaintiff received a letter that contained all of the information identified in *15 U.S.C. § 1692g (a) (1)-(5)*. (Dkt. #11, p. 2, ¶ 8). (Dkt. # 10, p. 2, no. 2, accepted by Dkt. # 13, p. 1), (Dkt. # 10, p. 3, no. 6, accepted by Dkt. # 13, p. 1).

Plaintiff cites *Swanson v. Southern Oregon Credit Services, Inc.*, 869 F.2d 1222 (9th Cir. 1988) in support of Plaintiff's notion of "ineffective conveyance". Dkt. # 13, p. 6. Plaintiff correctly points out that, since 1988, this Circuit has held that "the notice Congress required must be conveyed effectively to the debtor." *Swanson v. Southern Oregon Credit Services, Inc.*, 869 F.2d at 1225.

However, Plaintiff conveniently omits Court's definition of "effective" in the very next sentence of the opinion which states: "It must be large enough to be easily read and sufficiently prominent to be noticed—even by the least sophisticated debtor." *Id.* (internal citation omitted).

Page. 4 – DEFENDANT'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT

"Furthermore, to be effective, the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency." *Id.*

NCS' collection notice dated February 5, 2015 satisfies *15 U.S.C. § 1692g* because it effectively communicated the current creditor to Plaintiff. EMC's name appears in very first line of the collection notice. (Dkt. #12, p. 1, ¶ 2 and Dkt. # 12-1; Dkt. #14, p. 1, ¶ 4, Dkt. # 14-3, p. 2). Moreover, EMC's name is typed in all capital letters, setting it apart from the rest of the content and immediately drawing the reader's attention. *Id.* Plaintiff concedes that EMC was placed at the top of the notice to indicate their status as a creditor. (Dkt. 13, p. 6-7). There is nothing in the letter that states or implies that anyone *other* than EMC is the creditor. *(*Dkt. #12, p. 1, ¶ 2 and Dkt. # 12-1).

"Whether conduct violates [the FDCPA] … requires an objective analysis that takes into account whether the least sophisticated consumer would likely be misled by a communication." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011).

> The "least sophisticated debtor" standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." The standard is "designed to protect consumers of below average sophistication or intelligence," or those who are "uninformed or naive," particularly when those individuals are targeted by debt collectors. … At the same time, the standard "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care. The FDCPA does not subject debt collectors to liability for "bizarre," "idiosyncratic," or "peculiar" misinterpretations. (internal citations omitted) *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d at 1061-1062.

"The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *In re Cheaves*, 439 B.R. 220, 223 (M.D. Fl. 2010). The standard is not "tied to the very last rung on the sophistication ladder." *Strand v. Diversified Collection Service, Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). Even an unsophisticated consumer can make "basic logical inferences and

Page. 5 – DEFENDANT'S RESPONSE TO MOTION FOR PARTIAL SUMMARY
      JUDGMENT

deductions". *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000).

Even the least sophisticated consumer can easily read the very first line of a collection notice written in all capital letters. EMC's name is not contradicted. Plaintiff's motion fails.

Nonetheless, Plaintiff argues that EMC did not effectively communicate who owned the debt because the collection notice did not explicitly state that EMC was the creditor.

Plaintiff's reliance on the Seventh Circuit's decision in *Janetos v. Fulton Friedman & Gullace, LLP,* 825 F.3d 317 (7th Cir. 2016).. (Dkt. 13, p. 5-6) is misplaced. In that case, the Seventh Circuit held that references to the current creditor as the "assignee" of the original creditor in conjunction with references to the "transfer" of the account to a collection agency identified in the same letter failed to effectively convey the current owner of the debt. *Janetos v. Fulton Friedman &Gullace, LLP,* 825 F.3d at 320. Central to its decision, the Court reasoned that "transfer" in the context of the letter was ambiguous because it "could mean either conveyance of title [to the debt] or assignment for collection." *Id.* at 321.

However, this case is distinct from *Janetos*. Here, it is undisputed that EMC was never designated or referred to as an "assignee" of any previous creditor. Plaintiff's own motion concedes there is no "no such language". (Dkt. 13, p. 6). In fact, Plaintiff further concedes that the very first line of the collection notice was designed to indicate that EMC was the original creditor. (Dkt #13, p. 7). Furthermore, the word "transfer" - pivotal in the *Janetos* decision - appears nowhere in the collection notice. (Dkt. #12, p. 1, ¶ 2 and Dkt. # 12-1; Dkt. #14, p. 1, ¶ 4, Dkt. # 14-3, p. 2). Rather, the relevant sentence reads: "The above referenced account has been **placed** with this office for collection." . (Dkt. #12, p. 1, ¶ 2 and Dkt. # 12-1; Dkt. #14, p. 1, ¶ 4, Dkt. # 14-3, p. 2) (emphasis added).

Page. 6 – DEFENDANT'S RESPONSE TO MOTION FOR PARTIAL SUMMARY
       JUDGMENT

Contrary to the facts in *Janetos,* nothing in NCS' collection notice indicates the existence of any creditor other than EMC.  Nothing in NCS' collection notice states or implies a "transfer" or conveyance of ownership of the debt to NCS.  Plaintiff's agrees that the first line of the collection notice indicated that EMC as the owner of the debt.  Read in the context of the collection notice, "placed" does not imply conveyance of ownership, nor is it synonymous with "transfer".  Moreover, even if this Court entertains the notion that there could be some confusion surrounding "placed", the next sentence removes any ambiguity.  Simply put, NCS would not need to be "authorized" to collect a debt that it already owned.  To find otherwise results in the type of bizarre and unreasonable interpretation that courts refuse to countenance and rightfully so.  *See, e.g. Wallace v. Diversified Consultants, Inc.*, No. 13-10427, 2013 WL 4670561, at *2 (E.D. Mich. Aug. 30, 2013) ("Neither grammar nor common sense provides anyone besides an FDCPA lawyer a reason to assume a material difference between 'after' and 'of'").

NCS effectively disclosed the owner of the debt in the very first sentence of its collection notice to Plaintiff.  Nothing in the collection notice creates ambiguity or implies a transfer of ownership.  Even the most unsophisticated consumer would reach the basic logical deduction upon review of the collection notice in its entirety.  NCS has met its burden, and Plaintiff's Motion for Partial Summary Judgment should be denied accordingly.

### B. SUMMARY JUDGMENT IS IMPROPER BECAUSE NCS EFFECTIVELY DISCLOSED THE AMOUNT DUE IN ACCORDANCE WITH THE FDCPA.

NCS is required to disclose the amount of the debt in its initial communication.  *15 U.S.C. § 1692g (a) (1).*

Plaintiff admits Plaintiff received a letter that contained all of the information identified in *15 U.S.C. § 1692g (a).(1)-(5).*  (Dkt. #11, p. 2, ¶ 8). (Dkt. # 10, p. 2, no. 2, accepted by Dkt. # 13, p. 1), (Dkt. # 10, p. 3, no. 6, accepted by Dkt. # 13, p. 1).

Page. 7 – DEFENDANT'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT

NCS effectively disclosed the amount of the debt in its initial communication with Plaintiff as is required by *15 U.S.C. § 1692g (a) (1).*

Thus, there is no genuine issue of material fact that NCS effectively disclosed the amount of the debt in its initial communication such that NCS is entitled to judgment as a matter of law.

"If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the Act by stating the 'balance' due, stating that the creditor 'has assigned your delinquent account to our agency for collection,' and asking the recipient to remit the balance listed—and stopping there, without talk of the 'current' balance." *Chuway v. National Action Fin. Svs., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004). *See also Curto v. Palisades Collection, LLC*, No. 07–CV–529(S), 2011 WL 5196708, at *8 (W.D.N.Y. Oct. 31, 2011) (citing *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir.2010) (holding that defendant's collection letter correctly stated the "amount of the debt" despite erroneously omitting the amount of interest owed because defendant was not seeking interest).

The amount NCS sought to collect from Plaintiff, as disclosed in the collection notice, was $875.33. (Dkt. #11, ¶¶ 7, 16). Moreover, Plaintiff received an itemized accounting of the debt totaling the very same amount sought by NCS. (Dkt. #14, Exhibit A thereto). It is undisputed that interest was never added to the debt, nor did the balance vary from day-to-day. (Dkt # 11, ¶ 16). Insofar as NCS sought to collect only the amount stated in the collection notice, no additional disclosures regarding non-accrual of interest were required.

As a matter of law, the collection notice that was sent to Plaintiff complies with 15 U.S.C. § 1692g(a). The cases relied upon by Plaintiff are inapplicable here. *Marucci v. Cawley & Bergmann, LLP,* 66 F.Supp.3d 559 (D.NJ 2014) and *Snyder v. Daniel N. Gordon, PC,* No. C11-1379 RAJ, 2012 WL 3643673 (W.D.Wash. Aug. 24, 2012) involve collection attempts on

Page. 8 – DEFENDANT'S RESPONSE TO MOTION FOR PARTIAL SUMMARY
           JUDGMENT

balances that had accrued, and continued to accrue, undisclosed periodic interest. That is not the case here. The balance remains unchanged to this day and is not subject to periodic interest. Plaintiff's Motion for Partial Summary Judgment should be denied.

## VI.     CONCLUSION

For the reasons outlined above, Defendant National Credit Systems, Inc. respectfully requests this Court deny Plaintiff's Motion for Partial Summary Judgment and award all other relief as is just and proper.

Respectfully submitted,

Dated: October 24, 2016

*/s/Jeffrey I. Hasson*
Jeffrey I. Hasson
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, OR 97230
Phone: (503) 255-5352
Facsimile: (503) 255-6124
Hasson@dhlaw.biz
Oregon State Bar No. 872419
Attorney for NCS

Page. 9 – DEFENDANT'S RESPONSE TO MOTION FOR PARTIAL SUMMARY
           JUDGMENT

Certificate of Service

    I hereby certify that on October 24, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: <u>Joshua Trigsted</u> and I hereby certify that I have mailed the document by United States Postal Service to non CM/ECF participants.

<u>/s/ Jeffrey I. Hasson</u>
Jeffrey I. Hasson
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, OR 97230
Phone: (503) 255-5352
Facsimile: (503) 255-6124
Hasson@dhlaw.biz
Oregon State Bar No. 872419
Attorney for NCS

Page. 10 – DEFENDANT'S RESPONSE TO MOTION FOR PARTIAL SUMMARY
       JUDGMENT