Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd Ste 150
Lake Oswego, OR 97035
888 595 9111 ext. 216
866 927 5826 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CARLOS SANTIBANEZ**, <br><br> Plaintiff, <br><br> vs. <br><br> **NATIONAL CREDIT SYSTEMS, INC.**, <br><br> Defendant. | Case No.: 6:16-cv-00081-AA <br><br> **PLAINTIFF'S REPLY TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**I.  THERE IS NO GENUINE DISPUTE THAT DEFENDANT'S LETTER FAILED TO EFFECTIVELY CONVEY THE IDENTITY OF THE CREDITOR TO WHOM THE DEBT IS OWED**

First, Defendant did not address in any way in its response Plaintiff's allegation that Defendant simply stated the wrong name of the current creditor and thereby violated 15 USC 1692g(a)(2). Defendant's initial letter listed "Encompass Management Consultants" at the top. While arguably similar, that name is substantially different as a matter of law than the actual name of the original creditor for the debt as shown in a letter addressed to Plaintiff by the original creditor itself, which is "Encompass Management & Consulting LLC." (See Docket 14-1, p. 2 of 2). A search in the online Business Name Search of the Oregon Secretary of State turns up no business or registered trade name under the name of "Encompass Management Consultants." It appears

that Defendant simply misstated the name it intended to place on the letter. Encompass Management & Consulting, LLC, however, does appear in that online database. There are three differences between the name Defendant listed and the name of the actual company that is the original creditor for the debt at issue. First, the word "consulting" has been changed to "Consultants." Second, the ampersand after "Management" has been removed. Third, the term "LLC" has been removed. An assumption that these two substantially different names refer to the identical entity is simply not justified. Therefore, Defendant did not effectively convey in its letters that "Encompass Management & Consulting, LLC" is the current creditor for the debt. Defendant has provided no evidence that these two different names refer to the same entity, let alone why it should have been clear to Plaintiff that they were the same after reading the initial letter. Therefore, Plaintiff is entitled to partial summary judgment as to liability on this point.

Second, as argued in depth in the initial Motion (Docket 13) and in Plaintiff's Response to Defendant's Motion (Docket 16), even if it were held that the two very different names discussed in the previous paragraph were functionally identical, the letter did not clearly convey that "Encompass Management Consultants" was the current creditor at the time of the letter, and not merely the first in what could have been a line of multiple successive creditors, the most recent of which may or not have been listed at all in the letter. This is because it is not clear from the letter whether "Encompass Management Consultants" and "National Credit Systems, Inc." are the only two entities ever to have been involved with the debt collection. The language in the letter is entirely consistent with a hypothetical scenario (something that happens quite frequently in the debt collection world) where the original creditor had sold the debt to a third party, and that third party had hired National Credit Systems, Inc. to collect the debt.

Defendant's sole argument that the current creditors' identity was effectively disclosed consists in its contention that the phrase "the above referenced account has been placed with this office" and the phrase "National Credit Systems has been authorized to recover this debt" both strongly imply that National Credit Systems, Inc., is NOT the current creditor, and that therefore the only reasonable conclusion from reading the letter is that Encompass Management Consultants must be the current creditor. However, that conclusion is a fallacy. It would be entirely consistent with the language in the letter if "Encompass Management Consultants" were merely the original creditor, but that the debt had been sold by that company to an intermediate creditor, and it was that intermediate creditor that "authorized" NCS to collect and "placed" the debt with NCS. This is because the letter does not state, "The above-named creditor authorized NCS to recover this debt" or "The above-named creditor placed the account with this office." It is unclear who actually did the placement or authorization, leaving the question up in the air of who the current creditor actually is.

## II. DEFENDANT DID NOT EFFECTIVELY CONVEY THE AMOUNT OF THE DEBT

Plaintiff incorporates by reference the argument included in Document 16, pp. 2-5 on this point.

Dated this 10th day of November, 2016.

By s/Joshua Trigsted
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd Ste 150
Lake Oswego, OR 97035
888 595 9111 ext. 216
866 927 5826 facsimile
Attorney for Plaintiff