IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CARLOS SANTIBANEZ,

      Plaintiff,

v.

NATIONAL CREDIT SYSTEMS, INC.,

      Defendant.

Case No. 6:16-cv-00081-AA
OPINION AND ORDER

AIKEN, Judge:

This dispute concerns whether a debt collection letter sent to plaintiff Carlos Santibanez by defendant National Credit Systems, Inc., complied with the provisions of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Before the Court are the parties' cross-motions

Page 1 - OPINION AND ORDER

for summary judgment. For the reasons set forth below, plaintiff's motion is denied, defendant's motion is granted, and this case is dismissed.

## BACKGROUND

Plaintiff allegedly owes $875.33 to Encompass Management & Consulting LLC ("EMC") in connection with a rental property. Trigsted Decl. Ex. A. On February 5, 2015, defendant sent plaintiff a collection letter regarding that debt ("the letter"). The letter stated, in relevant part:

> Re:         ENCOMPASS MANAGEMENT CONSULTANTS
> Account #:  3118797
> Balance:    $875.33
>
> Dear CARLOS SANTIBANEZ,
>
> It is imperative that you give this matter your prompt attention.
>
> The above referenced account has been placed with this office for collection. National Credit Systems, Inc. has been authorized to recover this debt by way of credit bureau reporting (following this initial 30 day validation period) as well as other remedies available under the law. It is our intention to pursue this debt until resolved.
>
> However, if you contact our office, we will work with you to satisfy this debt in a friendly manner. Your representative will review and explain all charges assessed, consider your individual circumstances, and assist you in resolving this matter. Please be assured that you may still avoid the aforementioned consequences.
>
> We encourage you to take advantage of this opportunity so we may settle this debt amicably.

Trigsted Decl. Ex. C.

Defendant sent plaintiff a second collection letter on April 21, 2015. That letter listed the same balance due: $875.33. Hasson Decl. Ex. F. Consistent with that fact, Ron Sapp, a vice president for defendant, stated in an affidavit that no interest was added to plaintiff's debt and that the balance did not vary. Sapp. Decl. ¶ 16.

Page 2 - OPINION AND ORDER

Plaintiff filed this action alleging the letter violated the FDCPA because it failed to effectively disclose the identity of the creditor and the amount of the debt, in violation of 15 U.S.C. § 1592g. After discovery, both parties moved for summary judgment.

## STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine issue of material fact. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201, 1207 (9th Cir. 2008).

## DISCUSSION

The FDCPA is a broad remedial statute, designed to "eliminate abusive debt collection practices by debt collectors" by "comprehensively regulat[ing] the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices." *Gonzalez v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)). When a debt collector sends an initial communication about a debt to a consumer,[1] the FDCPA requires that communication, or a subsequent notice sent within five days of the initial notice, to include certain information, including "the amount of the debt" and "the name of the creditor to whom the debt is

---

[1] It is undisputed that defendant is a debt collector, plaintiff is a consumer, and the letter was a communication about a debt within the meaning of the statute. Trigsted Decl. Ex. B; Def.'s Resp. Mot. Part. Summ. J. 2.

Page 3 - OPINION AND ORDER

owed." 15 U.S.C. § 1692g(a)(1), (2). A debt collector cannot satisfy the requirements of section 1692g merely by including the required information in the notice; rather, the information must be "conveyed effectively to the debtor." *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

Courts assess whether the required information was "conveyed effectively" using the "least sophisticated debtor" standard. *Id.* That standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzalez*, 660 F.3d at 1061 (quotation marks omitted). It is "designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naive, particularly when those individuals are targeted by debt collectors." *Id.* at 1062 (quotation marks omitted). Nonetheless, the standard "preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care." *Id.* (quotation marks omitted and alterations normalized). In the Ninth Circuit, whether a collection letter would effectively convey the required information to the least sophisticated debtor is a question of law. *Id.* at 1061.

I.  *Amount of the Debt*

Plaintiff first contends defendant failed to effectively communicate the amount of the debt because the letter listed only a "balance" and did not explain whether interest was accruing on the debt or at what rate. Plaintiff does not contend that defendant attempted to collect any interest; instead, he argues that every initial collection letter must state the interest rate (even if that interest rate is zero) and warn the consumer that if the debt is sold to another creditor, that creditor may elect to add interest or fees to the debt amount.

Page 4 - OPINION AND ORDER

Although the Ninth Circuit has not decided the issue, several other federal courts have held that when interest is accruing on a debt, section 1692g(a)(1) requires a debt collector to disclose that fact and include both principle and interest when stating the amount due. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC*, 214 F.3d 872, 875 (7th Cir. 2000) ("[T]he unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt."); *Marucci v. Cawley & Bergmann, LLP*, 66 F. Supp. 3d 559, 566 (D.N.J. 2014) ("What the debtor needs to know is what he or she owes."); *but see Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009) (finding no "authority for the proposition that a debt collector has an obligation to explain why a consumer's debt has increased" because "even the most unsophisticated consumer would understand that credit card debt accrues interest"). Interpreting another provision of the FDCPA, the Second Circuit explained that disclosure of information about interest and fees is important because its omission "can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account[.]" *See Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016) (holding that failure to disclose interest and fees is a "false, misleading, or deceptive" practice, in violation of section 1692e of the FDCPA).

Here, there no was no danger plaintiff would be misled. It is undisputed that defendant never attempted to collect any interest and that payment of the "balance" listed in the letter would have cleared plaintiff's account. Plaintiff has cited no authority for the proposition that the FDCPA requires a debt collector to affirmatively state that no interest is accruing or to warn the consumer that interest could accrue if the account is sold to another creditor in the future. The few federal courts to address analogous fact patterns have held that no such disclosure is required. *See Martin v. Trott Law, P.C.*, — F. Supp. 3d —, 2016 WL 3997029, *8 (E.D. Mich. Jul. 26, 2016) ("[Plaintiffs]

Page 5 - OPINION AND ORDER

have not cited any authority for the apparently novel proposition that a collection letter can . . . violate . . . [section] 1692g(a)(1) by failing to accurately state the 'amount of the debt,' where it merely omits sums that the plaintiffs presume were due at the time of the sending, but which were not stated or demanded by the debt collector in the notice letter."); *Curto v. Palisades Collection, LLC*, 2011 WL 5196708, \*8 (W.D.N.Y. Oct. 31, 2011) (holding that summary judgment is appropriate when the collection letter does not mention interest and the defendant is not seeking interest). Indeed, including information about interest when no interest is due carries a higher risk of confusing an unsophisticated consumer than simply stating the balance due. *See Chuway v. Nat'l Action Fin. Servs. Inc.*, 362 F.3d 944, 949 (7th Cir. 2004) (holding that a debt collector who did not intend to collect any interest or fees violated the FDCPA by including language that suggested the amount due might be higher than the balance listed).

Because the least sophisticated consumer would understand from the letter that payment of the "balance" would satisfy the debt in full, defendant is entitled to summary judgment on plaintiff's section 1692g(a)(1) claim.

II.   *Identity of the Creditor*

Plaintiff next avers defendant failed to effectively convey the identity of the creditor. Plaintiff asserts the least sophisticated debtor could be confused about the identity of the creditor for two reasons. First, the letter never expressly states EMC is the creditor. Second, the entity named in the letter, Encompass Management Consultants, does not exist. EMC's business name is Encompass Managing & Consulting LLC.

Regarding the first point, plaintiff relies heavily on *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016). In *Janetos*, the Seventh Circuit considered a debt collection

Page 6 - OPINION AND ORDER

letter that identified the creditor, Asset Acceptance, as the "assignee" of another company rather than clearly stating it was the current creditor or owner of the debt. *Id.* at 321. The *Janetos* letter also stated that the referenced account was "transferred" to Fulton, Friedman & Gullace, LLP. *Id.* Noting the ambiguity in the terms "assignee" and "transferred," the court concluded that debtors reading such a letter would "find themselves obliged to guess who currently owned the debts in question. Since the name was on the letters, some might correctly guess that Asset Acceptance was the current creditor, but a lucky guess would have nothing to do with any disclosures the letters provided." *Id.* at 323. The court reiterated the basic rule that a collection communication must "identify the current creditor clearly and accurately." *Id.* at 325; *see also Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293, 301 (E.D.N.Y. 2005) (stating that the inquiry under section 1692g(a)(2) is whether the least sophisticated debtor could "deduce from reading the Collection Letter" the name of the creditor).

This case is distinguishable from *Janetos*. In *Janetos*, the subject line of the letter stated "Assett Acceptance, LLC Assigne of AMERISTAR," then provided an "Original Creditor Acct #" and a separate account number associated with Fulton, Friedman & Gullace. 825 F.3d at 320. Here, the subject line contains a single name (EMC's) and a single account number. That strongly suggests EMC is the creditor. Second, the letter here indicates that the account has been "placed" with defendant "for collection" and further states defendant "has been authorized to recover this debt[.]" *Id.* Unlike the words "assignee" and "transferred" in *Janetos*, the word "placed" does not suggest any change in ownership. Moreover, the fact that defendant was "authorized" to collect the debt clearly indicates that defendant was collecting the debt on behalf of EMC, as defendant would not need to be "authorized" to collect a debt it owned. Although it would have been better if the letter

Page 7 - OPINION AND ORDER

had expressly identified EMC as the "creditor" or "owner" of the debt, the least sophisticated consumer would understand based on the letter that EMC was the creditor.

Moving on to the second point, it is undisputed that the subject line incorrectly stated EMC's name as Encompass Management Consultants rather than Encompass Management & Consulting LLC. The question is whether this clerical error would confuse the least sophisticated consumer. Plaintiff contends that it would, citing the fact that Encompass Management & Consulting LLC is listed in the Oregon Secretary of State's Business Registry Database, but Encompass Management Consultants is not.

There are situations in which an error in the creditor's name would confuse the least sophisticated consumer. For example, in *Schneider v. TSYS Total Debt Management, Inc.*, 2006 WL 1982499, *1 (E.D. Wis. Jul. 13, 2006), the collection letter identified the creditor as "TARGET." The plaintiff identified nine different corporations whose names began with the word "Target." *Id.* The court held the claim under 1692g(a)(2) could proceed because, depending on the creditor's actual name (unknown to the court at the time of the ruling), it was possible the name "Target" on the collection letter would have left the least sophisticated consumer confused about the creditor's identity. *Id.* at *4. No such confusion results from the error here. Even selecting the "exact words in exact order" search option for the Business Registry Database on the Secretary of State's website,[2] a search for Encompass Management Consultants yields only one hit: Encompass Management & Consulting LLC.[3] If plaintiff were to look up Encompass Management Consultants in a phone book,

---

[2] The search engine for the database can be accessed at http://egov.sos.state.or.us/br/pkg_web_name_srch_inq.login (last visited Jan. 5, 2017).

[3] I *sua sponte* take judicial notice of the contents of the Oregon Secretary of State's Business Registry Database and the search results pursuant to Federal Rules of Evidence

Page 8 - OPINION AND ORDER

the alphabetical listing would similarly take him to Encompass Management & Consulting LLC. Plaintiff has not pointed to any business entities with confusingly similar names that would prevent the least sophisticated debtor from realizing EMC is the creditor. Because the least sophisticated debtor would understand from the letter that EMC was the creditor, defendant is entitled to summary judgment on plaintiff's claim under section 1692g(a)(2).

## CONCLUSION

Plaintiff's Motion for Summary Judgment (doc. 13) is DENIED. Defendant's Motion for Summary Judgment (doc. 10) is GRANTED. This case is DISMISSED.

IT IS SO ORDERED.

Dated this 11TH day of January 2017.

Ann Aiken
United States District Judge

---

201(b)(2) and 201(c)(1). *See Vejo v. Portland Pub. Schs.*, — F. Supp. 3d —, 2016 WL 4708534, *10 n.9 (D. Or. Sept. 6, 2016).

Page 9 - OPINION AND ORDER